IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHI COOPER, BETH HARRINGTON, and MATTHEW HILLESHEIM, Individually and on Behalf of All Those Similarly Situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )   CIVIL NO. 99-829-GPM |
| THE IBM PERSONAL PENSION PLAN and IBM CORPORATION, | )<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Pursuant to this Court's Order dated July 31, 2003 (*see* Doc. 193), and the Class Action Settlement Agreement with Respect to Subclasses 1 and 2 ("Settlement Agreement"), the Court finds as follows:

1.  This action satisfies the requirements of Rule 23 for the reasons set forth in its prior certification order (*see* Doc. 70). The members of Subclasses 1 and 2 ("the Class") have at all times been adequately represented by the Class Representatives and Class Counsel.

2.  The Notice approved by the Court was sent by first class mail, postage prepaid, to the last known address of each individual identified as a potential Class Member. In addition, follow-up efforts were made to provide the Notice to individuals whose original Notice was returned as undeliverable, and the Notice was posted on a website. The Notice adequately described the relevant and necessary terms of the proposed Settlement Agreement. *In the Matter of VMS Ltd. Partnership Sec. Litig.*, 26 F.3d 50, 51-52 (7th Cir. 1994); *In the Matter of VMS Ltd., Partnership Sec. Litig.*, No. 89-C-9448, 1992 WL 203832, at *4 (N.D. Ill. Aug. 13, 1992); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993).

3.  The Notice provided to the Class fully complied with Rule 23, was the best notice

practicable, satisfied all constitutional due process requirements, and provides the Court with jurisdiction over the Class Members. *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 177-78 (1974); *Phillips Petroleum v. Shutts*, 472 U.S. 797 (1985).

4.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

5.   The Court has considered and applied the factors set forth in *Armstrong v. Board of School Directors of the City of Milwaukee*, 616 F.2d 305, 312 (7th Cir. 1980), *overruled on other grounds*, *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998), for evaluating the settlement and has concluded that the settlement is fair, reasonable, and adequate with respect to the members of Subclasses 1 and 2. *Armstrong*, 616 F.2d at 312.

6.   For the reasons stated in the Court's Order dated July 31, 2003, the Court concludes that the cash balance formula set forth in Article 11 of the Plan Document ("Cash Balance Formula") violates ERISA § 204(b)(1)(H). Therefore, the Clerk is directed to enter judgment for the members of Subclasses 1 and 2 on their claim that the Cash Balance Formula violates § 204(b)(1)(H) and further enter judgment that these Class Members are entitled to relief for the violation as provided in the Settlement Agreement.

7.   For the reasons stated in the Court's Order dated July 31, 2003, with respect to the Cash Balance Formula, the Court concludes that the alternative formula for calculating an eligible employee's opening cash balance account set forth in Article 17.5(b)(1)(B) of the Plan Document ("Always Cash Balance Formula") violated ERISA § 204(b)(1)(H). The Clerk is directed to enter judgment for the members of Subclasses 1 and 2 on their claim that the Always Cash Balance Formula violates § 204(b)(1)(H) and further enter judgment that these Class Members are entitled to relief for the violation as provided in the Settlement Agreement.

8.   Apart from the Cash Balance Claim and the Always Cash Balance Claim as defined in the

Settlement Agreement, all other claims asserted by Plaintiffs in this action are **DISMISSED with prejudice** pursuant to the terms of the Settlement Agreement and in exchange for the consideration provided therein.

9. This Court retains jurisdiction over the interpretation, implementation, and enforcement of the Settlement Agreement, as well as any and all matters arising out of, or related to, the interpretation, implementation, and enforcement of the settlement or the Settlement Agreement. Without regard to the previous sentence, however, any court may dismiss a Released Claim if such a claim is asserted in such a court.

10. By separate Order, the Court has awarded attorneys' fees and costs. Any attorneys' fees and costs awarded by the Court will be paid by the Plan as an administrative cost of the Plan in accordance with (and to the extent provided in) the Settlement Agreement. Incentive awards approved by the Court will be paid by Class Counsel from their fees. Any other fees or costs incurred by a party will be paid by such party.

**IT IS SO ORDERED.**

DATED: 08/16/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge