# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

## NOTICE OF ISSUANCE OF MANDATE

DATE: July 20, 2007

TO: Norbert G. Jaworski
United States District Court
Southern District of Illinois
Room 142
750 Missouri Avenue
P.O. Box 186
East St. Louis, IL  62202

FROM: Clerk of the Court

RE: 07-1767
Cooper, Kathi v. IBM Personal Pension
99 C 829, G. Patrick Murphy, Chief Judge

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any.  A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

[X] No record filed
[ ] Original record on appeal consisting of:

ENCLOSED:                                              TO BE RETURNED AT LATER DATE:
[ ]     Volumes of pleadings                           [ ]
[ ]     Volumes of loose pleadings                     [ ]
[ ]     Volumes of transcripts                         [ ]
[ ]     Volumes of exhibits                            [ ]
[ ]     Volumes of depositions                         [ ]
[ ]     In Camera material                             [ ]
[ ]     Other_____          [ ]

        Record being retained for use                  [ ]
        in Appeal No. _____

Copies of this notice sent to:     Counsel of record
[ ]     United States Marshal
[ ]     United States Probation Office

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten days from the date of this notice.  Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

------------------------------------------------------------------

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

Date: _____            _____
(1071-120397)                              Deputy Clerk, U.S. District Court

RECEIVED JUL 25 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

<u>JUDGMENT- WITHOUT ORAL ARGUMENT</u>

Date: June 25, 2007

**BEFORE:**         Honorable FRANK H. EASTERBROOK, Chief Judge

Honorable WILLIAM J. BAUER, Circuit Judge

Honorable DANIEL A. MANION, Circuit Judge

No. 07-1767

KATHI COOPER, BETH HARRINGTON and MATTHEW HILLESHEIM,
individually and on behalf of all those similarly situated,
        Plaintiffs - Appellees
  v.

IBM PERSONAL PENSION PLAN and IBM CORPORATION,
        Defendants - Appellees

APPEAL OF: REX CARR

Appeal from the United States District Court for the
Southern District of Illinois
No. 99 C 829, G. Patrick Murphy, Chief Judge

**CERTIFIED COPY**
A True Copy:
Teste:
[signature]
Clerk of the United States
Court of Appeals for the
Seventh Circuit.

    The motion for sanctions under Rule 38 is GRANTED, because the appeal is frivolous. (That makes it unnecessary to decide whether the appeal is also vexatious.) The appellees are entitled to reimbursement for the attorneys' fees incurred in defending this appeal. The appeal is DISMISSED, with costs, for want of jurisdiction. Appellees have 14 days to file a statement of their costs plus the attorneys' fees reasonably incurred in handing Carr's appeal. Carr will have 10 days to respond. The above is in accordance with the decision of this court entered on this date.

(1060-110393)

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

Submitted June 4, 2007
Decided June 25, 2007

*CERTIFIED COPY*

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** DANIEL A. MANION, Circuit Judge

| | |
|---|---|
| **No.** 07-1767 | |
| KATHI COOPER, BETH HARRINGTON and MATTHEW HILLESHEIM, individually and on behalf of all those similarly situated, *Plaintiffs-Appellees*, | Appeal from the United States District Court for the Southern District of Illinois. |
| v. | No. 99 C 829 |
| IBM PERSONAL PENSION PLAN and IBM CORPORATION, *Defendants-Appellees..* | G. Patrick Murphy, *Chief Judge.* |
| APPEAL OF: REX CARR | |

CERTIFIED COPY
A True Copy:
Tested
Clerk of the United States
Court of Appeals for the
Seventh Circuit.

## Order

Plaintiffs' lead counsel when this ERISA litigation began was Carr Korein Tillery, LLC. Before the case ended, Rex Carr withdrew from the partnership, which was renamed Korein Tillery, LLC. Carr and his former partners do not agree on the allocation of fees that the firm has received or to which it is entitled. Litigation in state court apparently resolved the dispute--at least the state's court of first instance thinks that everything has been settled--but Carr now spurns the settlement, refuses to accept adverse judicial decisions on the subject, and has initiated additional efforts to collect what he claims as his share.

One such effort has occurred in this litigation. Some issues in the suit were resolved by settlement, and the rest on an appeal last year. See *Cooper v. IBM Personal Pension Plan*, 457 F.3d 636 (7th Cir. 2006). Carr attempted to enforce what he styled an attorney's lien on the fees due to Korein Tillery as a result of the federal settlement. The district court concluded, however, that subject-matter jurisdiction is lacking and denied Carr's motion. Carr has appealed.

One problem with the appeal is that Carr is not a party to the case. He did not intervene. Nor was he a lawyer for any party or otherwise in the functional position of a party for purposes of decisions such as *Devlin v. Scardelletti*, 536 U.S. 1 (2002). He is a stranger to this litigation: his dispute is with Korein Tillery, not with any of the litigants. Because Carr is not a party, his purported appeal must be dismissed. See *Marino v. Ortiz*, 484 U.S. 301 (1988).

There is a second jurisdictional problem. As the district court concluded, there is no subject-matter jurisdiction. The dispute between Carr and his ex-partners arises under a contract. It is unrelated to the dispute between Cooper and IBM, so it cannot be adjudicated under the supplemental jurisdiction. See 28 U.S.C. §1367 (only claims that are part of a single case or controversy come within the supplemental jurisdiction). See also, e.g., *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994) (disputes arising from separate contracts require an independent grant of jurisdiction). The exception for agreements incorporated into the judgment does not apply here. See *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294 (7th Cir. 1995), which holds that a controversy about the allocation of attorneys' fees may be resolved in federal court only if the original judgment covers that subject. See also *Bounougias v. Peters*, 369 F.2d 247 (7th Cir. 1966).

Carr is a citizen of Illinois. So are Korein and Tillery. The requirements of the diversity jurisdiction therefore have not been satisfied, and the dispute must be resolved in state court. (In saying this, we reserve judgment on Carr's separate attempt to bootstrap the dispute into federal court by filing an action under RICO. That controversy is still pending in the district court.)

Plaintiffs, defendants, and their lawyers--jointly forced to serve as appellees here--moved to dismiss the appeal and sought sanctions under Fed. R. App. P. 38. The motion observes (citing *Marino*) that nonparties cannot appeal; it adds that diversity of citizenship is missing and that the requirements of the supplemental jurisdiction under §1367 have not been met. We invited Carr to respond. His response does not discuss either *Marino* or §1367 and therefore does not take even the first step toward establishing that the appeal is within our jurisdiction.

The response cites only one legal authority--*West v. Radio-Keith-Orpheum Corp.*, 70 F.2d 621 (2d Cir. 1934)--which is hardly an adequate reply to a decision that the Supreme Court issued 54 years later. *West* holds that creditors in an insolvency proceeding need not intervene in order to appeal from an order that concludes their legal rights. That holding is of no use to Carr, none of whose rights has been concluded by an order dismissing for lack of subject-matter jurisdiction, and at all events has been superseded by Fed. R. App. P. 3(c) (adopted in 1968), the

No. 07-1767 Page 3

Bankruptcy Code of 1978, and decisions such as *Marino*.

Carr's appeal is part of a fight unrelated to this litigation. There is no reason why Cooper and the other plaintiffs, or the IBM pension plan, or the law firms that have handled the ERISA litigation, should shoulder any of the cost of resolving this dispute between Carr and his ex-partners.

The motion for sanctions under Rule 38 is granted, because the appeal is frivolous. (That makes it unnecessary to decide whether the appeal is also vexatious.) The appellees are entitled to reimbursement for the attorneys' fees incurred in defending this appeal.

The appeal is dismissed for want of jurisdiction. Appellees have 14 days to file a statement of their costs plus the attorneys' fees reasonably incurred in handling Carr's appeal. Carr will have 10 days to respond.